IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3218-FL

| | |
|---|---|
| DOMINIQUE LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ROBERT C. LEWIS, KENNETH ) | |
| LASSITER, Y. HALE, HATTIE B. ) | |
| PIMPONG, EDWARD B. THOMAS, ) | |
| AMY B. ALPERSTEIN, ) | |
| CORRECTIONAL OFFICER MILES, ) | |
| and CORRECTIONAL OFFICER ) | |
| URIETA, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on plaintiff's motion to strike defendants' answer (DE 34), motion for entry of default (DE 35), motion for a temporary restraining order (DE 39), motion for return of exhibits (DE 41), and motion to compel (DE 46). Defendants responded to plaintiff's motion for entry of default, motion to strike, and motion for a temporary restraining order. In this posture, the issues raised are ripe for adjudication.

A.   Motion for Entry of Default and Motion to Strike

Plaintiff requests that the court strike defendants' answer on the grounds that it is untimely. Plaintiff, additionally, seeks an entry of default pursuant to Federal Rule of Civil Procedure 55 against defendants Robert C. Lewis ("Lewis"), Kenneth Lassiter ("Lassiter"), Yvonne Hale

("Hale"), Brandon Miles ("Miles"), and Eric Urieta ("Urieta")[1] on the grounds that defendants failed to timely respond to plaintiff's complaint. Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Defendants Lewis, Lassiter, Hale, Miles, and Urieta admit that their answer was filed shortly after the deadline for responding to plaintiff's complaint. The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on their merits." United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993). Defendants, further, have shown a commitment to litigating this action. Based upon the foregoing, plaintiff's motion for entry of default and motion to strike are DENIED.

B.  Motion for a Temporary Restraining Order

Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary

---

[1] Defendants have informed the court that Y. Hale is Yvonne Hale, Correctional Officer Miles is Brandon Miles, and Correctional Officer Urieta is Eric Urieta. The Clerk of Court is DIRECTED to amend the court's docket to reflect these changes.

2

relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

In this case, plaintiff alleges that prison officials at Tabor Correctional Institution are trying to poison his food. Plaintiff also alleges that prison officials refuse to provide him with writing material. Based upon these allegations, plaintiff requests a court order directing North Carolina Department of Public Safety to transfer him to another facility.

Plaintiff, however, has failed to demonstrated that he likely is to succeed on the merits, and has not alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, __U.S.__, 132 S.Ct. 1510, 1517 (2012) (indicating that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities" and that "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters") (quotation marks and citation omitted); Cash v. Thomas, No. 6:12-1278-DNC-KFM, 2013 WL 1826619, at *2 (D.S.C. Apr. 8, 2013). Finally, plaintiff's filings made subsequent to his motion for injunctive relief indicate that his ability to litigate this action has not been impeded. Accordingly, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest, and the balance of equities is in favor of defendants. Thus, the court concludes that plaintiff's motion for a temporary restraining order is DENIED.

3

C.      Motion for Return of Exhibits

Plaintiff requests that the court return the exhibits he attached to his July 28, 2014, motion for leave to file a second supplemental complaint. For good cause shown, plaintiff's motion is GRANTED, and the Clerk of Court is DIRECTED to return to plaintiff Exhibits 1A-21(b) attached to his July 28, 2014, amended complaint. See CM/ECF Policy A(2), E.D.N.C ("Any document electronically filed or converted by the United States District Court for the Eastern District of North Carolina (clerk's office) to electronic format shall be the official record of the court.")

D.      Motion to Compel

Plaintiff seeks a court order compelling defendants to respond to his September 11, 2014, discovery requests. Plaintiff's motion fails to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which require that the movant certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions. Thus, plaintiff's motion is DENIED as premature.

In summary, for the foregoing reasons, the court rules as follows:

(1)     Plaintiff's motion to strike (DE 34) is DENIED;

(2)     Plaintiff's motion for entry of default (DE 35) is DENIED;

(3)     Plaintiff's motion for a temporary restraining order (DE 39) is DENIED;

(4)     Plaintiff's motion for the return of Exhibits (DE 41) is GRANTED, and the Clerk of Court is DIRECTED to return plaintiff's exhibits as set forth above;

(5)     Plaintiff's motion to compel (DE 46) is DENIED as premature;

4

(6)    The Clerk of Court is DIRECTED to amend the court's docket to reflect the name changes as set forth above.

SO ORDERED, this the 6th day of November, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

5